IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Criminal Action No. 22-48 (MN) |
| TAIKWAN PRITCHETT, | ) ) ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 8th day of March 2024:

On July 7, 2023, Defendant Taikwan Pritchett filed a Motion to Suppress Physical Evidence. (D.I. 22). Briefing is complete. (D.I. 24, 27). On January 30, 2024, the Court held a hearing on the motion and heard evidence. Having carefully reviewed the filings and arguments presented, the Court will DENY Defendant's Motion to Suppress Physical Evidence.

**I.     BACKGROUND**

On June 17, 2021, at approximately 7:46 a.m., Delaware State Police executed a search warrant at 41 Liborio Lane, New Castle, Delaware.[1] At that time, the property was occupied by five individuals, one of whom was Defendant. He and two others were on the second floor when police entered the residence. After some time, Defendant and the others came downstairs, and the police searched the second floor. During the search, police located three firearms (one of which was a Glock 21 Gen 4 45 auto pistol (serial #TUD439)) in second floor bedrooms. Thereafter,

---

[1] The search warrant for 41 Liborio Lane (D.I. 24-1) sought clothing, firearms and related items, and photographs of such, in connection with a shooting that occurred at an Amazon facility located in Wilmington, Delaware. As listed in the search warrant affidavit, the target of the investigation was Sionne Banks, whose listed residence was 41 Liborio Lane. (*Id.*; *see also* D.I. 22-1 ¶ 14).

police applied for and obtained a search warrant for a buccal swab from Defendant's cheek. The State's Senior Forensic DNA Analyst reported a positive match between the DNA sample from Defendant and the samples lifted from the seized Glock 21 Gen 4 45 auto pistol (serial #TUD439). Defendant now seeks to suppress the "physical evidence, including Mr. Pritchett's DNA," collected. (D.I. 22 at 1).

## II.  LEGAL STANDARD

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "Generally, for a search or seizure to be reasonable under the Fourth Amendment, it must be effectuated with a warrant based upon probable cause." *United States v. Bey*, 911 F.3d 139, 144-45 (3d Cir. 2018). The magistrate judge tasked with determining whether probable cause exists to issue a warrant must "make a practical commonsense decision whether, given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). A reviewing court pays great deference to that determination, *id.* at 236 and must uphold it if the magistrate judge "had a substantial basis for concluding that probable cause existed." *United States v. Stearn*, 597 F.3d 540, 554 (3d Cir. 2010) (quoting *Gates*, 462 U.S. at 238). "The resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants." *United States v. Jones*, 994 F.2d 1051, 1055 (3d Cir. 1993) (quoting *United States v. Ventresca*, 380 U.S. 102, 109 (1965)).

To deter Fourth Amendment violations, "ill-gotten evidence" may be suppressed pursuant to the judicially created doctrine known as the exclusionary rule. *United States v. Katzin*, 769 F.3d 163, 169 (3d Cir. 2014). The exclusionary rule is "designed to deter police conduct that violates

the constitutional rights of citizens." *United States v. Zimmerman*, 277 F.3d 426, 436 (3d Cir. 2002). A warrant lacking probable cause is not automatically subject to the "extreme sanction of exclusion." *United States v. Leon*, 468 U.S. 897, 926 (1984). Rather, "[t]he good faith exception instructs that suppression of evidence 'is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority' even though no probable cause to search exists." *Zimmerman*, 277 F.3d at 436 (quoting *United States v. Hodge*, 246 F.3d 301, 307 (3d Cir. 2001)); *see also United States v. Williams*, 3 F.3d 69, 74 (3d Cir. 1993) (suppression of evidence "is inappropriate when an officer executes a search in objectively reasonable reliance on a warrant's authority."). In determining the applicability of the good faith exception, the Court's "inquiry is confined to the objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n. 23; *see also United States v. Loy*, 191 F.3d 360, 367 (3d Cir. 1999).

### III.   DISCUSSION

Defendant challenges the search warrant as lacking a substantial basis for finding probable cause as required under the Fourth Amendment. (*See* D.I. 22 at 3-6). Although the government maintains that the affidavit supporting the search warrant establishes probable cause, it urges the Court to move past the issue of probable cause and determine, instead, that the good faith exception applies. (D.I. 24 at 6 n.1). The Court will follow this approach, which has been approved by the Third Circuit. *See, e.g.*, *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars And Fifty-Seven Cents*, 307 F.3d 137, 145 (3d Cir. 2002) ("Under *Leon*, if a motion to suppress evidence obtained pursuant to a warrant does not present a Fourth Amendment argument that should be decided in order to provide instruction to law enforcement or to magistrate judges, it is

appropriate for a reviewing court to turn immediately to a consideration of the officers' good faith."); *see also United States v. Stanford*, 500 F. Supp. 3d. 264, 270 (D. Del. 2020).

"The mere existence of a warrant typically suffices to prove that an officer conducted a search in good faith and justifies application of the good faith exception." *Hodge*, 246 F.3d at 307-08. There are four situations however, in which reliance on a warrant is unreasonable and does not trigger the good faith exception:

> (1) the magistrate issued the warrant in reliance on a deliberately or recklessly false affidavit; (2) the magistrate abandoned his judicial role and failed to perform his neutral and detached function; (3) the warrant was based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) the warrant was so facially deficient that it failed to particularize the place to be searched or the things to be seized.

*United States v. Werdene*, 883 F.3d 204, 217 (3d Cir. 2018). Defendant argues that the third situation applies here. (D.I. 22 at 8-12). Specifically, Defendant asserts that the affidavit failed to establish a sufficient nexus between his DNA and any alleged criminal activity. *Id.* The threshold for establishing the third exception is high and the Court is not persuaded that the affidavit in this case was so deficient in probable cause as to render reliance on it unreasonable. *See United States v. Pavulak*, 700 F.3d 651, 664 (3d Cir. 2012) (citing *Messerschmidt v. Millender*, 565 U.S. 535, 547 (2012).

The affidavit in this case is not a "bare bones" affidavit, *see id.*, but rather is based on information obtained during a search executed pursuant to another search warrant as well as the affiant's observations. It does not rely on an officer's unsupported belief that probable cause existed. *See United States v. Ritter*, 416 F.3d 256, 263 (3d Cir. 2005); *see also Gates*, 462 U.S. at 239 (identifying the affidavits in *Nathanson v. United States*, 290 U.S. 41 (1933), and *Aguilar v. Texas*, 378 U.S. 108 (1964), as "bare bones" affidavits because each contained only an officer's

belief that probable cause existed without providing any factual details). Nor does it rely on a single piece of stale evidence, *see Zimmerman*, 277 F.3d at 437, or on an uncorroborated or unreliable anonymous tip. *See Williams*, 3 F.3d at 74.

Here, the affidavit begins by describing a shooting incident that occurred at an Amazon facility in Wilmington. (D.I. 22-1 ¶¶ 3-4). Related to that incident, detectives apprehended a suspect, Sionne Banks, and obtained a search warrant for his listed residence, 41 Liborio Lane. (*Id.* ¶¶ 7, 11, 14). During the execution of that search warrant, Defendant and others were inside the residence. (*Id.* ¶¶ 15-16). The affidavit details that when police arrived, those individuals, including Defendant, were upstairs and that they "took a considerable amount of time to exit the second floor and come downstairs." (*Id.*). The police then located three firearms hidden in two of the three bedrooms on the second floor but were unable to determine which individual was in which room. (*Id.* ¶¶ 17-18). The search warrant at issue was sought to compare Defendant's DNA with that obtained from the firearms located during the search. (*Id.* ¶¶ 19-20).[2]

Under these circumstances, it was objectively reasonable for the officers conducting the search to believe that probable cause for the warrant existed and to rely in good faith on the warrant

---

[2]  The search warrant stated that law enforcement was seeking evidence for a violation of 11 Del. C. § 1450, which prohibits receiving a stolen firearm. (D.I. 22-1). Defendant argues that the affidavit lacked evidence connecting him to any crime, least of all the crime listed in the application. (D.I. 22 at 7-9). In its response, the government identifies another crime the officers could have believed Defendant was participating in, 11 Del. C. § 1269, which prohibits tampering with physical evidence. Although this crime is not listed in the application, the government has identified compelling case law from other circuits indicating that this is not fatal to the affidavit. *See Peffer v. Stephens*, 880 F.3d 256, 264 n.3 (6th Cir. 2018) ("An affidavit sufficiently supports a warrant so long as it provides probable cause to believe evidence of any crime will be found . . . even if it does not provide probable cause to believe that evidence of the particular crimes listed in the affidavit will be found[.]"); *see also United States v. Meek*, 366 F.3d 705, 713 (9th Cir. 2004) (rejecting argument that a warrant was invalid because the statute for which there was probable cause differed from the specific statute listed in the affidavit).

as issued. Thus, assuming (without deciding) that the search warrant was infirm, Defendant's motion to suppress fails under the good faith doctrine. Therefore, the evidence seized pursuant to the search warrant will not be suppressed under the exclusionary rule.[3]

## IV.     CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion to Suppress Physical Evidence (D.I. 22) is DENIED.

The Honorable Maryellen Noreika
United States District Judge

---

[3] The government argues that even if the Court finds that the warrant was unsupported by probable cause and that the good faith exception does not apply, the evidence need not be suppressed. The argument follows that due to Defendant's status as a probationer, only reasonable suspicion, which the government contends the officers had, was necessary to collect Defendant's DNA via buccal swab. Defendant disagrees. Because the Court has determined that the good faith exception does apply, it will not delve further into this argument.