IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Plaintiff,        ) | |
| ) | |
| v.        ) | Criminal Action No. 22-48 (MN) |
| ) | |
| TAIKWAN PRITCHETT,        ) | |
| ) | |
| Defendant.        ) | |

## MEMORANDUM ORDER

At Wilmington this 8th day of March 2024:

On May 24, 2022, the Grand Jury for the District of Delaware indicted Defendant, Taikwan Pritchett, of knowingly possessing in and affecting interstate commerce, a firearm while he was aware that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (D.I. 2). He pleaded not guilty on June 9, 2022. On July 18, 2023, Defendant filed a Motion to Dismiss the Indictment (D.I. 23) arguing that 18 U.S.C. § 922(g)(l) is unconstitutional both on its face and as applied to him following *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022) and *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023) (*en banc*).[1] The government responded on August 21, 2023. (D.I. 28). Defendant replied on September 22, 2023 (D.I. 30) and, shortly thereafter on September 26, 2023, the government submitted supplemental authority (D.I 31).

---

[1]   In a footnote, Defendant asserts in cursory form that § 922(g)(l) is unconstitutional as it exceeds Congress' Commerce Clause power. (D.I. 23 at 1). The Court is not required to consider this argument because "arguments raised in passing (such as in a footnote), but not squarely argued, are considered [forfeited]." *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) (quoting *John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 n.6 (3d Cir. 1997)).

I heard argument on January 30, 2024. Having carefully reviewed the submissions and considered the arguments, I will deny Defendant's Motion to Dismiss the Indictment.

## I. BACKGROUND

The government alleges that during the execution of a search warrant at 41 Liborio Lane, New Castle, Delaware on June 17, 2021 at approximately 7:46 a.m., the property was occupied by five individuals, one of whom was Defendant. During the search, Delaware State Police located three firearms (one of which was a Glock 21 Gen 4 45 auto pistol (serial #TUD439)) in bedrooms on the second floor. Thereafter, police applied for and obtained a DNA Search Warrant for a buccal swab from the cheek of Defendant. The State's Senior Forensic DNA Analyst reported a positive match between the DNA sample from Defendant and the samples lifted from the seized Glock 21 Gen 4 45 auto pistol (serial #TUD439).

This was not Defendant's first contact with the criminal justice system. He also has felony convictions in the Delaware Superior Court in 2019 for Robbery Second Degree and Carrying a Concealed Firearm[2] (D.I. 28, Ex. 2 at 11), and in 2020 for the felony Drug Possession, in violation of 16 Del. C. § 4656(a)[3] (D.I. 28, Ex. 3 at 7). On the Robbery Second Degree conviction, Defendant was sentenced to five years in custody suspended after eighteen months for home

---

[2] According to the arrest warrant, Defendant and an accomplice approached two victims on a Wilmington playground and told them to "get on the wall and empty their pockets," at which time Defendant "pulled up his shirt and displayed a tan and brown in color handgun." He then took $30 and a silver Apple iPhone 6+ from one victim and $25 and a black Apple iPhone 6 from the other. Thereafter, Defendant purportedly "told both victims they had 5 seconds to leave and began counting to 5." (D.I. 28, Ex. 2 at 1).

[3] According to the arrest warrant, the drug case involved a Wilmington Police Department search warrant at Defendant's residence where police recovered: i) ten bundles containing approximately 1,170 small clear plastic zip lock baggies of heroin; ii) one clear plastic sandwich bag knotted at the top consistent with material used to package marijuana; and iii) paperwork in the name of Taikwan Pritchett. (D.I. 28, Ex. 3 at 2-4).

confinement and probation. (D.I. 28, Ex. 2 at 11).[4] On the Drug Possession conviction, Defendant was sentenced to eight years in custody suspended for 232 days of time already served, and probation. (D.I. 28, Ex. 3 at 7). Defendant was still on probation at the time of his arrest in this case.

## II.   ANALYSIS

I agree with Judge Connolly's recent observation that, "[g]iven the numerous opinions of district courts in this Circuit that have addressed [the constitutionality of § 922(g)(1)] in the last year and the pending appeals of many of those decisions, . . . there will be a controlling decision from the Third Circuit in the near future." *United States v. Perez*, CR 22-55-CFC, 2024 WL 579115, at *1 (D. Del. Feb. 13, 2024) (citing cases in the Third Circuit). As he further noted, there is also a case pending before the Supreme Court, *see United States v. Rahimi*, No. 22-915 (argued Nov. 7, 2023), that may provide additional guidance. *Id.* Thus, like Judge Connolly, I will be brief in my analysis.

The Second Amendment protects "the right of the people to keep and bear arms." U.S. CONST. amend. II; *see District of Columbia v. Heller*, 554 U.S. 570, 595 (2008). That right, however, is "not unlimited." *Heller*, 554 U.S. at 626. Instead, the Second Amendment allows for a "variety" of firearm regulations, including the "longstanding prohibitions on the possession of firearms by felons." *Id.* at 626, 636; *McDonald v. City of Chicago*, 561 U.S. 742, 786 (2010) ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons and the mentally ill,' . . . . We repeat those assurances here." (citation omitted)). Although, the majority opinion in *Bruen* did not

---

[4]   At the time of his guilty plea to felony Drug Possession, Defendant admitted to violating his probation on the Robbery Second Degree and Carrying a Concealed Deadly Weapon convictions. (D.I. 28, Ex. 3 at 1).

address the constitutionality of § 922(g)(1), as Judge Marston in the Eastern District of Pennsylvania recognized, six Justices through concurring and dissenting opinions, suggested that *Bruen* did not call into question the constitutionality of that statute. *See United States v. Canales*, CR-21-226-KSM, 2023 WL 8092078, at *3 (E.D. Pa. Nov. 20, 2023). Based on these reasoned opinions and the Supreme Court's "assurances" in *Heller*, I agree that the Second Amendment does not render § 922(g)(1) facially unconstitutional. *See Perez*, 2024 WL 579115, at *1.

Turning now to Defendant's challenge to § 922(g)(1) as it applies to him, the government concedes that under *Range*, Defendant is one of "the people" protected by the Second Amendment and does not dispute that the firearm at issue qualifies for Second Amendment protection. (D.I. 28 at 17-18). Instead, it argues that Defendant's possession of the gun falls outside the scope of the Second Amendment protection. I agree. Here, Defendant was subject to a term of probation from the State of Delaware at the time of his gun possession. "Arrest and incarceration naturally entail the loss of a wide range of liberties – including the loss of access to weapons." *United States v. Rahimi*, 61 F.4th 443, 464 (5th Cir. 2023) (Ho, J., concurring). Although probation, like supervised release, is a lesser form of custody than incarceration, it is still a custodial component of a criminal sentence. *See*, *e.g.*, *Gall v. United States*, 552 U.S. 38, 48 (2007) (explaining that a term of supervised release is a form of punishment that involves restrictions on liberty); *Griffin v. Wisconsin*, 483 U.S. 868, 874 (1987) ("To a greater or lesser degree, it is always true of probationers (as we have said it to be true of parolees) that they do not enjoy 'the absolute liberty to which every citizen is entitled, but only . . . conditional liberty properly dependent on observance of special [probation] restrictions.'") (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Therefore, the Second Amendment protection did not apply to Defendant's possession of a gun at the time of the offense charged here. *See*, *e.g.*, *United States v. Shaw*, 2023 WL 3619416, at *4-7

(D.D.C. May 24, 2023) ("[A]ny Second Amendment right applicable here may be limited during the period of probation, just as other myriad constitutional rights are.").

Moreover, even if that were not so, Defendant's prior felony robbery and drug convictions place him in the category of dangerous individuals the government has historically sought fit to disarm. Accordingly, § 922(g)(l) as applied to Defendant does not violate the Second Amendment. *See Canales*, 2023 WL 8092078, at *5 (denying motion to dismiss as-applied challenge to § 922(g)(l), as "Canales's [three] prior drug related felonies . . . are a far cry from Range's singular, 28-year-old conviction for making a false statement on a food stamps application to help his struggling family"); *Perez*, CR 22-55-CFC, 2024 WL 579115, at *2 (denying motion to dismiss as-applied challenge to § 922(g)(l) in light of his three drug felony convictions.).

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss the Indictment (D.I. 23) is DENIED.

_____
The Honorable Maryellen Noreika
United States District Judge
